NEW-YORK,
May, 1829.

Relyea
v.
Ramsay.

## RELYEA vs. RAMSAY.

Proof that *arbitrators* before making an award, resigned their authority, and that such resignation was accepted by the parties, is admissible in bar of an action on an award.

A judgment rendered by a justice on a verdict received in the absence of the plaintiff is not void, but voidable only, and its validity is not inquirable into collaterally.

When a plaintiff neglects to appear on the coming in of a verdict, the justice may enter judgment of discontinuance.

THIS was an action of debt, tried at the Albany circuit in February, 1828, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The declaration set forth an arbitration bond and an award under it, bearing date 27th August, 1825, by which the defendant was directed to pay to the plaintiff $50. The defendant pleaded *non est factum*, and gave notice, that on the trial of the cause, he would prove that the arbitrators, before making the award, resigned and surrendered their appointment as arbitrators, and that such resignation was accepted by the parties; and that he would further prove, that in an action commenced by him against the plaintiff, the latter pleaded the award in bar, that a verdict was found in his favor for the sum of $50, on which, judgment was rendered against the defendant, and that such judgment remains in full force.

On the trial of the cause, the plaintiff gave in evidence the bond and award. The defendant then offered to prove the resignation and surrender by the arbitrators, of the trust conferred upon them, the evidence being objected to, was rejected by the judge. The defendant next gave in evidence, a certificate of a judgment, rendered by a justice, in favor of the now plaintiff against the now defendant for $50 and $5, costs of suit. From the certificate, it appeared that a suit was commenced on 9th August, 1826, by Ramsay

against Relyea, to recover for work, labor and services; that Relyea pleaded the general issue, and also the above award; that issue was joined and the cause tried on 28th August, 1826, by a jury, who found a verdict for Relyea for $50, for which sum and $5, the costs of suit, the justice rendered judgment. The justice further certified, "that the plaintiff in the suit below, did not appear when the verdict was taken, and that, on being asked, the defendant did not object to take the verdict without the plaintiff's appearance." The facts last certified were proved by the justice on the trial.

The judge charged the jury, that the judgment before the justice was a nullity, and therefore formed no bar to the plaintiff's right now to recover. The jury found for the plaintiff the amount of the award and interest. The defendant moves for a new trial.

*L. H. Palmer*, for defendant. The arbitrators lost the right to make an award by their resignation and the acceptance of the same by the parties. The acceptance of their appointment being by parol, their resignation might be so also.

The judgment before the justice is a valid judgment until reversed, and cannot be impeached collaterally. (3 *Comyn's Dig.* 569, tit. *Error D.* 1 *Rolle*, 742.)

*A Taber*, for plaintiff. The evidence of the resignation of the arbitrators was inadmissible, because it drew in question an award regular upon its face, which cannot be done in a court of law, (*Kyd on Awards*, 327, 8 ;) and to the same purport are the decisions of this court. (2 *Johns. R.* 62. 3 *id.* 369. 10 *id.* 143.)

The judgment rendered by the justice was *void.* The plaintiff having absented himself, the verdict could not regularly be received. (*Anthon's N. P.* 47, note (*a*). 5 *Johns. R.* 346.) An irregularity in an inferior court, even where there is jurisdiction, renders the judgment void. (15 *Johns. R.* 244. *id.* 156, 7.)

NEW-YORK, May, 1829.

Relyea
v.
Ramsay.

*By the Court,* SAVAGE, Ch. J.   In debt on an arbitration bond, the defendant offered, under a proper notice, to prove that after the bond was executed and before award made, the arbitrators resigned their office, and their resignation was accepted by the parties.   A revocation by a party must be under seal, and if by parol only, it is inoperative.   But there is no mode of compelling arbitrators to act, (*Kyd,* 100,) nor can they be compelled to decline under seal.   This case shews a want of jurisdiction.   Arbitrators are appointed under seal ; they say we decline acting : they are no longer arbitrators, and any award made by them is without jurisdiction and void.   In a court of law, no evidence can be given impeaching the conduct of the arbitrators, unless they are guilty of corruption or partiality ; but it must certainly be competent to shew that they acted without authority.   I think, therefore, the judge erred in refusing the testimony that the arbitrators had resigned their authority before making the award, and that such resignation was accepted by the parties.

I am of opinion also, that his honor, the judge, erred as to the effect of the judgment before the justice.   The judgment was not void, but voidable.   The justice had jurisdiction of the subject matter, and of the persons of the parties.   And in such cases, an irregularity does not render the judgment void and the justice a trespasser.   The judgment is valid until reversed ; and cannot be enquired into collaterally.

The justice erred in receiving the verdict in the absence of the plaintiff ; but he was authorized to enter a judgment against him of discontinuance, and that would have been regular.   (*Ante,* 260.)   If the plaintiff was liable to have any judgment rendered against him, he must have been within the jurisdiction of the justice for that purpose.   A new trial must be granted.